51 So.2d 531

**GULF, MOBILE & OHIO R. CO. v. SANDERS.**

6 Div. 139.

Supreme Court of Alabama.

March 29, 1951.

John H. Curry, Carrollton, and Foster, Rice, Madison & Rosenfeld, Tuscaloosa, for appellant.

Wm. B. McCollough, Birmingham, and W. A. Davis, Aliceville, for appellee.

STAKELY, Justice.

This is a suit brought by Kenneth R. Sanders (appellee) against Gulf, Mobile and Ohio Railroad Company (appellant) claiming damages for personal injuries received when he rode his motorcycle into the side of the Pullman car of appellant's train in the Town of Gordo, Alabama. The complaint consisted of seven counts each for simple negligence. The plea of appellant was in short by consent. Trial resulted in a verdict and judgment for plaintiff. Hence this appeal.

Gordo, Alabama, is a small town. The plaintiff entered Main Street from which point going south it is three blocks to where Main Street intersects the tracks of appellant where the accident occurred. At this crossing there are three sets of tracks located within a few feet of each other, the middle track being the main line of appellant's railroad and on which its passenger trains run. The tracks at this point run east and west and Main Street runs north and south. Appellant's station grounds adjoin this crossing and the depot is west of the crossing, its east end being about 40 or 50 feet from the crossing. Main Street is about 64 feet wide north of the crossing and the paved portion thereof about 22 feet wide south of the crossing. The tracks and depot of appellant had been at this same place for over 21 years. Between the main line and the track farthest south appellant had a signal light, the purpose of which was to indicate the coming of a train to the station. It is so constructed that a train coming west into Gordo would start the light working and the bell ringing 1/2 mile away. These signals would thus continue until the rear trucks of the last car passed a point 10 feet east of the crossing. When it passed that point the circuit would be broken and the light and bell would automatically go off.

About 18 feet over the center of Main Street and about 86½ feet north of the center of the main track the town of Gordo had a street light. This street light was burning at the time of the accident. There is a slight dip in the street south of this street light and near the crossing. On the night of December 17, 1948 about 6:45 p. m. appellant's passenger train of three cars and an engine arrived at the station in Gordo and stopped at the usual stopping place. The last car was a maroon colored Pullman car. It stood on the crossing with its rear end about 3 feet west of and past the signal light.

Kenneth R. Sanders riding a motorcycle with good lights and brakes was going south on Main Street at a speed of 20 to 25 miles per hour when he passed the street light. At the time he saw the train he reduced his speed to 15 miles per hour and ran his motorcycle into the side of appellant's Pullman car. It is undisputed that he did not stop, look and listen before going into the side of the Pullman car.

The visibility at the crossing was bad. It was misty, rainy and foggy. It had been raining practically all day. Tendencies of evidence showed that no lights were burning on the Pullman car, that the signal light was off, that the whistle was not blowing or the bell ringing and there was no brakeman to warn appellee of the train.

The appellee testified that as he approached the crossing he knew there were tracks across there but did not know what track the train ran on, whether it was the first, second or third track south, that he did not know the train was there, that he was looking ahead constantly and did not observe the Pullman car until he reached a point about 24 feet north of it, that he then cut to the left, put on his brakes and slid into the side of the Pullman car receiving severe personal injuries. Tendencies of the evidence also showed that the coach and Pullman both were lighted and that the train had been at the station only a few minutes when the accident occurred.

Kenneth R. Sanders was born near Gordo, Alabama and lived there a while. He married a Gordo girl. The Cities Service Station which was right next to appellant's depot was run for a number of years since 1943 by appellee's brother. Appellee had visited his brother at this station before the accident and had been seen in Gordo often. Appellee had been at the station about 1½ hours before the accident occurred. Appellee was frequently in Gordo and traded there frequently. In 1948 appellee lived with his father on his father's place 16 miles from Gordo and attended to most of the cotton ginning at the gin next to appellant's railroad station. Appellee knew and was familiar with the several offices and streets near the depot. Appellee drove a school bus over the tracks of appellant almost every day for a year and the appellee's familiarity with this crossing was such as to cause the trial judge to state in open court and without objection from the appellee, while appellant's counsel was examining the witness, the following: "Are you still trying to show he was familiar with the crossing? I think you have shown that."

Pretermitting discussion of the negligence vel non of appellant, we go at once to the question of the contributory negligence of the appellee. Cases where the proof showed that the plaintiff did not know that the crossing existed at the point where the collision occurred and had no consciousness of that fact are clearly not applicable here. Callaway v. Adams, 252 Ala. 136, 40 So.2d 73, is a case of that type. In the case at bar while there was proof that the plaintiff did not know of the presence of the train on the track, the undisputed proof showed that he was familiar with the crossing and knew that the tracks were there. He did not stop, look and listen. Under the law and facts in this case the appellee was not relieved from the duty to stop, look and listen. His failure to do so is a bar to recovery in this cause and appellant was entitled to the general charge on the issue of contributory negligence. Sloss-Sheffield Steel & Iron Co. v.

Littrell, 246 Ala. 58, 18 So.2d 709; Johnston v. Southern Railway Co., 236 Ala. 184, 181 So. 253.

Reversed and remanded.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.